

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Gerald C. Mann

XXXXXXXXXXXXXXXX
PRICE DANIEL
ATTORNEY GENERAL

January 13, 1939

Honorable Fred B. Wood
Office of Legislative Counsel
State of California
Sacramento, California

Dear Mr. Wood:

Opinion No. O-95
Re: Effect of resolutions of the
Legislature or of either
branch thereof, in Texas, to
effect the adoption of a law.

Your letter of January 5th asks the advice of this Department concerning the following matters:

"1. Is the adoption of a joint or concurrent resolution in Texas in any type of case considered an act of legislation, the adoption of a law?

"2. If so, is that the view in all cases of a joint or concurrent resolution, or is it restricted to certain types of cases such as indicated above in respect to California?

"3. What is the legislative practice and interpretation in Texas in respect to the efficacy of a single house resolution to create a committee and authorize it to sit and act after adjournment of the session but during the term of the house or of the Legislature, which term, in Texas, I would assume to be two years, that being the term of office of the members of one of the houses and the regular session correspondingly being biennial?

"4. Have any of these questions received judicial interpretation by any of the Texas courts, whether higher or lower courts, subsequent to the rendition of the decision in Terrell v. King, and what are they?"

The pertinent provisions of the present Constitution of the State of Texas are:

Section 11, Article 3:

"Each House may determine the rules of its own proceedings, punish members for disorderly conduct, and, with the consent of two-thirds, expel a member, but not a second time for the same offense."

Section 29, Article 3:

"The enacting clause of all laws shall be:  'Be it enacted by the Legislature of the State of Texas.'"

Section 30, Article 3:

"No law shall be passed, except by bill, and no bill shall be so amended in its passage through either House, as to change its original purpose."

Section 31, Article 3:

"Bills may originate in either House, and, when passed by such House, may be amended altered or rejected by the other."

Section 32, Article 3:

"No bill shall have the force of a law, until it has been read on three several days in each House, and free discussion allowed thereon; but in cases of imperative public necessity (which necessity shall be stated in a preamble or in the body of the bill) four-fifths of the House, in which the bill may be pending, may suspend this rule, the yeas and nays being taken on the question of suspension, and entered upon the journals."

Section 33, Article 3:

"All bills for raising revenue shall originate in the House of Representatives, but the Senate may amend or reject them as other bills."

Section 34, Article 3:

"After a bill has been considered and defeated by either House of the Legislature, no bill containing the same substance, shall be passed into a law during the same session.  After a resolution has been acted on and defeated, no resolution containing the same substance, shall be considered at the same session."

Section 35, Article 3:

"No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title.  But if any subject shall be embraced in an act, which shall not be expressed in the title, such

act shall be void only as to so much thereof, as shall not be so expressed."

Section 37, Article 3:

"No bill shall be considered, unless it has been first referred to a committee and reported thereon, and no bill shall be passed which has not been presented and referred to and reported from a committee at least three days before the final adjournment of the Legislature."

Section 38, Article 3:

"The presiding officer of each House shall, in the presence of the House over which he presides, sign all bills and joint resolutions passed by the Legislature, after their titles have been publicly read before signing; and the fact of signing shall be entered on the journals."

Section 15, Article 4:

"Every order, resolution or vote to which the concurrence of both Houses of the Legislature may be necessary, except on questions of adjournment, shall be presented to the Governor, and, before it shall take effect, shall be approved by him; or, being disapproved, shall be repassed by both Houses, and all the rules, provisions and limitations shall apply thereto as prescribed in the last preceding section in the case of a bill."

The Constitutions of 1845, 1861, and 1866 did not contain the provision found in Section 30 of the present Constitution, i. e., "No law shall be passed except by bill ..." This provision appears for the first time in the Constitution of 1875.

Further, the Constitutions of 1845, 1861, and 1866 contained this provision (Sec. 22, Art. 3 of the Constitution of 1845):

"After a bill or resolution has been rejected by either branch of the Legislature, no bill or resolution containing the same substance shall be passed into a law during the same session."

The present Constitution, however, has changed this provision to read as follows:

"After a bill has been considered and defeated by either House of the Legislature, no bill containing the same substance, shall be passed into a law during the same session. After a resolution has been acted on

and defeated, no resolution containing the same substance shall be considered at the same session."

Thus it will be seen that not only did the earlier Constitutions of Texas fail to provide that laws should be passed only by bill, but, by the language of the section above quoted (Sec. 22, Art. 3 of the 1845 Constitution) expressly recognized bills and resolutions to be equally effective in the creation of laws. When the framers of the present Constitution, therefore, added the provision that no law should be passed except by bill, and reworded the above quoted provision appearing in earlier Constitutions so as to expressly differentiate between "bills" and "resolutions" by continuing to refer to a "bill" as being "passed into a law" but eliminating the reference to a "resolution" being "passed into a law," it would seem their intent clearly was to abrogate the rule permitting laws to be passed by resolution.

This conclusion would seem to be reenforced by the considerations that a "bill" must contain a special enacting clause; cannot be amended so as to change its original purpose during passage through either House; must be read on three several days in each House, and free discussion allowed, unless this rule be suspended in case of imperative public necessity by vote of four-fifths of the House in which it is pending; must contain only one subject, which shall be expressed in its title; and cannot be considered unless first referred to and reported from a committee, at least three days before final adjournment of the Legislature. On the other hand, apparently, resolutions are not subject to these restrictions and safeguards set up on the Constitution to insure thorough investigation and consideration, as well as adequate notice to the public and the members of the Legislature, of proposed laws.

The applicable authorities in the State of Texas are, chronologically:

1. State v. Delesdenier, 7 Tex. 76
2. Franklin v. Kesler, 25 Tex. 142
3. City of San Antonio v. Micklejohn (Tex.) 33 S.W. 735
4. Weekes v. City of Galveston (C.C.A., Galveston) Writ of Error denied, 51 S.W. 544
5. Conley v. Texas Division of United Daughters of the Confederacy, 164 S.W. 24, Writ of Error refused
6. Terrell v. King (Tex.) 14 S.W. 2d 786
7. Hosheim et al. v. Rollins et al. (C.C.A.) 79 S.W. 2d 672. Writ of Error dismissed.

The scope or function of a "resolution" as distinguished from a "bill" is admirably stated by Chief Justice Gaines in the Micklejohn case, cited above, in this language:

"... A resolution proper is not a law. State v. Delesdenier, 7 Tex. 76. A legislative body may in that form express an opinion, may govern its own procedure within the limitations imposed upon it by its constitution or charter, and, in case it have ministerial functions, may direct their performance; but it cannot adopt that mode of procedure in making laws where the power which created it has commanded that it shall legislate in a different form."

In the Conley case, the distinction is stated in the following language:

"The chief distinction between a resolution and a law is that a resolution is used whenever the legislature wishes to merely express an opinion which is to have only a temporary effect, while a law is intended to permanently direct and control matters applying to persons or things in general."

The Delesdenier and Franklin cases arose under the 1845 Constitution, which, as indicated hereinabove, apparently placed bills and resolutions on an equal footing. Judge Pleasants, in the Weekes case, upon the authority of the Delesdenier decision, and apparently without recognizing (and certainly withou discussing the changes made by the present Constitution), says:

"The Constitution recognizes two modes by which the will and purpose of the legislature may be declared, and such will, when expressed in either one or the other of these modes, has the force and effect of law, and is imperative upon the courts; and such resolutions vest or devest title to property, and may enlarge or restrict an existing law. Sections 29, 30, art. 3, are applicable to laws passed by bills, but not to such as are created by joint resolutions. Vide Suth. St. Const. Sec. 61, and State v. Delesdenier, 7 Tex. 76."

The Supreme Court, in the Terrell case, speaking through Judge Greenwood, stated:

"... A joint resolution of both houses, approved by the Governor, reflects the command and will of the State in one of the modes prescribed by the Constitution, and is as binding as a statute."

The authorities cited by the Supreme Court in the Texas case were the Delesdenier, Franklin, Conley, and Weekes cases, and the Supreme Court did not advert to, recognize, and discuss the changes effected by the present Constitution. Since the statement was made in reference to the right of the Legislature to direct by resolution the expenditure of funds already duly appropriated by an "act" or "bill", we conceive it to be obiter dicta.

The latest expression of our courts on the subject is found in Hoaheim et al v. Rollins et al, cited above, wherein it is held that a House Concurrent Resolution requiring corporations to use care in keeping right of ways clear of grasses, etc., in view of Constitution, Article 3, Section 30, providing no law shall be passed except by bill, is not a law prohibiting the highway commission from planting Bermuda grass along state highways, so as to render highway officials subject to suit without legislative consent, as acting in violation of law.

Answering your first question, upon the reasoning above, we are constrained to the opinion that a joint or concurrent resolution cannot have the effect of a law. This necessarily answers your second question.

Your third question is expressly answered in Terrell v. King, cited supra. A single house resolution may create a committee and authorize it to sit and act after adjournment of the session, but during the term of office of the Legislature. This is also the recognized legislative practice and interpretation in Texas.

Your fourth question is answered by the citations of authority given above.

Trusting that this satisfactorily answers your inquiry, I beg to remain,

Yours respectfully,

ATTORNEY GENERAL OF TEXAS

By /s/ R. W. Fairchild
Assistant

RWF:PBP:PJW

APPROVED:

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS